(December 16, 1974)

■ In the Matter of BENJAMIN SHEBAR, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, NEW YORK, INC., Petitioner — In this proceeding to discipline respondent, an attorney, upon charges of misconduct, respondent has moved for leave to resign as a member of the Bar. Respondent was admitted to the Bar by this court on May 5, 1937. Generally stated, the charges against him are as follows: Delivering to a bonding company a writing, knowing it to be forged, purporting to be an authorization to release to him a $600 security deposit; converting $275 of said security deposit to his own use; failing to institute actions for several clients for personal injuries sustained in two separate accidents, failing to file the required statements of retainer, and allowing the Statute of Limitations to bar such actions for the adult clients; as to one of the accidents, failing to attend a hearing at the Workmen's Compensation Board, failing to advise said board that he had not commenced an action, entering into a champertous agreement of retainer and ignoring the client's inquiries during a period of 3½ years; and, as to the other accident, falsely informing the adult client that an action had been commenced, that trial was pending and that settlement offers had been received. Respondent states in his petition that in his verified answer in this proceeding he "admitted certain of the charges made against him, specifically charges designated as 'third', 'fourth', 'fifth' and 'sixth'." While the affirmation submitted for the Bar Association on this motion states that it has no objection to the motion, it does point out that "it is not entirely clear" that respondent admitted the above-mentioned four charges. We believe that the foregoing statement in respondent's petition is an admission of the charges specified. Respondent has therefore admitted, as to one of the above-mentioned accident claims, his failing to institute an action for personal injuries, allowing the cause to be barred by the Statute of Limitations; failing to attend a hearing before the Workmen's Compensation Board; failing to advise the Workmen's Compensation Board that he had not commenced an action; entering into a champertous agreement of retainer; and failing to file a statement of retainer. Under the circumstances herein, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent's name be struck from the roll of attorneys and counselors at law, effective forthwith. Gulotta, P. J., Hopkins, Martuscello, Latham and Shapiro, JJ., concur.